UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARTIN, as Personal Representative
of the estate of DARLENE MARTIN,
Deceased,

               Plaintiff,                          Case Number 17-11845

v.                                             Honorable David M. Lawson

MICHIGAN DEPARTMENT OF
CORRECTIONS, LT. MICHAEL NELSON,
SGT. EARL FISHER, OFFICER DANITRA
CALLINGTON, OFFICER WANDA
LOWE, OFFICER TRACI MAUPINS,
OFFICER SAMANTHA MASON,
OFFICER PAUL McPHERSON, OFFICER
RENIKA McQUEEN, OFFICER KRISTIN POTTER,
CORIZON HEALTH, INC., MHM CORRECTIONAL
SERVICES, INC., MHM SERVICES, INC.,
JUAN GARBINSKI, MSW, MARGARET A.
GETTY, MA, INEZ B. PORTER, LMSW,
VINCENT PERNELL, MD, KATHERINE
HAMMONS, RN, PENNIE LOTT, RN, KELLY
M. McDONNELL, RN, WARREN MILLICENT,
DAVID JOHNSON, BEVERLY SMITH,
SGT. ANDREWS, SHANNON BASS,
DIANNA CALLAHAN, LASHAWNA DONALD,
VINCENT GAUCI, ALEXIA JOHNSON,
LT. THOMAS LENGYEL, CO KITTIE
PAUL-TWITTY, SGT. ROE, CO R'KIA
TAYLOR, AUC DENISE ARMSTRONG,
CLAIRE PEI, and CO TAMMY YOUNG,
Jointly and Severally,

               Defendants.

_____/

**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT,
APPROVING SETTLEMENT AND DISTRIBUTION, AND DISMISSING CASE**

      This matter came before the Court on the plaintiff's motion to approve a settlement.

Plaintiff Robert Martin, who is the personal representative of his deceased mother's estate, alleged

in a complaint that the defendants violated the civil rights of his mother, Darlene Martin, when she was an inmate in the custody of the Michigan Department of Corrections, and that as a result, she ultimately died. The plaintiff's decedent is survived by her son, two sisters, four grandchildren, and a great-grandchild. One grandchild and the great-grandchild are minors. Therefore, the Court appointed Brian J. Casey as guardian *ad litem* to advise the Court on whether the settlement is fair and the distribution of the settlement funds appropriate. On September 27, 2019, Mr. Casey filed his report, in which he concluded that the settlement in this case is fair, adequate, and in the minor heirs' best interest. Mr. Casey also states that the costs expended by the plaintiff's attorneys are reasonable and necessary to prosecute the action, and the proposed attorney fee to be paid from the settlement proceeds is in an amount that corresponds to the fee agreement and otherwise is reasonable.

The Court held a hearing in open court on October 2, 2019. The parties propose to settle the case by payment to the Estate of Darlene Martin of $1,250,000, of which $550,000 will be paid by the State of Michigan on behalf of the Michigan Department of Corrections and its defendant-employees. The personal representative testified under oath that all the potential heirs agreed with the proposed distribution except Kenyatta Willis, a grandchild. Mr. Willis did not appear at the hearing because he is a prisoner in the custody of the Michigan Department of Corrections. He sent a representative — a non-attorney — who was permitted to speak and express Mr. Willis's views. Mr. Willis also sent a letter to the Court stating that he believed the distribution was not fair because he was not to receive any share of the settlement proceeds.

Mr. Willis did not offer any information that suggested that he had an enduring relationship with his grandmother, other than a suggestion that they occasionally exchanged letters while they both were incarcerated. Certainly, he has not offered any evidence that he enjoyed a status with

her that differed in any way from that of the decedent's other grandchildren, who also will take

nothing from the proposed distribution.

The settlement is fair, adequate, and reasonable and in the best interest of the estate. The

proposed distribution is fair and will be approved.

Accordingly, it is **ORDERED** that the plaintiff's motion to approve the settlement is

**GRANTED** and the settlement in the amount of $1,250,000 is **APPROVED**. The following

distribution is approved:

| | | |
|---|---|---|
| a. | Payable to Feiger, Fieger, Kenney & Harrington, attorneys, for costs expended: | $ 87,877.42 |
| b. | Payable to Feiger, Fieger, Kenney & Harrington, attorneys, as an attorney fee: | $ 387,374.19 |
| c. | Payable to the State of Michigan to resolve its medical lien: | $ 26,644.14 |
| d. | Payable to Medicare to resolve to resolve its lien claim (less final payoff determined after applying its share of the procurement formula): | $    942.90 |
| e. | Distribution of the net proceeds, $747,161.35, to the interested parties as follows: | |

| | |
|---|---|
| Robert Martin (son) | $707,161.35 |
| Patricia Ellington (sister) | $ 20,000.00 |
| Ava Rowe (sister) | $ 20,000.00 |
| Shalisae Martin (grandchild) | $      0.00 |
| Yasmeen Martin (grandchild) | $      0.00 |
| Dallaz Martin (monor grandchild) | $      0.00 |
| Kenyattta Willis (grandchild) | $      0.00 |
| Phoenix Inez  Martin (minor great-grandchild) | $      0.00 |

It is further **ORDERED** that attorneys Feiger, Fieger, Kenney & Harrington **SHALL**

**PAY** to Brian J. Casey as guardian *ad litem* from its share of the costs distribution the sum of

$900.00, payable forthwith.

It is further **ORDERED** that Robert Martin must pay to Medicare the remaining balance of its lien from his share of the distribution.

It is further **ORDERED** that Robert Martin, as the personal representative of the estate of Darlene Martin, deceased, is hereby authorized and empowered to settle and compromise any and all potential claims arising out of the plaintiff's claims against the defendants.

It is further **ORDERED** that the defendants shall tender the settlement proceeds to the attorney for the plaintiff as soon as possible, but in no event later than **October 9, 2019**.

It is further **ORDERED** that Robert Martin, as the personal representative of the estate of Darlene Martin, deceased, is authorized and empowered to execute and deliver any and all agreements and releases to accomplish the full, final, and complete settlement and satisfaction of all claims on behalf of the estate, and discharge all liability of the defendants; and to lodge those executed documents with his attorney, who shall tender them to the defendants upon receipt of the settlement proceeds.

It is further **ORDERED** that the matter is **DISMISSED WITH PREJUDICE**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Date:   October 3, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 3, 2019.

> s/Susan K. Pinkowski
> SUSAN K. PINKOWSKI